**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 9, 2021

*Via ECF*
The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Richard Hall,* 21 CR 643

Dear Judge Nathan:

      I write in opposition to the government's application for a protective order. (Gov't 12/3/21 Letter, ECF Doc. No. 16). Although the parties largely agree to the terms of a protective order, the parties disagree as to certain provisions relating to "Sensitive Disclosure Material."

      The government represents that the Sensitive Disclosure Material includes information relating to an individual who previously cooperated with the government ("Individual-1"), including text messages between law enforcement and Individual-1; subpoena returns for two phone numbers associated with Individual-1; and audio and video recordings on which Individual-1's voice and/or image are captured. Gov't Ltr, 3. The government seeks a protective order that would prohibit Mr. Hall from possessing the Sensitive Disclosure Material; prohibit him from reviewing the materials outside of the Federal Defenders' office in Manhattan, New York; and prohibit him from copying or otherwise "recording" the materials. *Id.*, Exh. A, ¶ 8. The government's "cause" for the restrictions is to protect the identity of Individual-1. Specifically, it asserts that the Sensitive Disclosure Materials "may permit the defendant, or others, to ascertain the identity of Individual-1, and could pose a danger to Individual-1 and Individual-1's family members and associates." *Id.*, 3.

The Honorable Alison Nathan                                          December 9, 2021
Page 2 of 4

      Re:    *United States v. Hall,* 21 CR 643 (JSR)

      Even accepting *arguendo* the government's "cause," the government's proposal is far too restrictive and prejudices Mr. Hall.[1] The government's proposed protective order denies Mr. Hall meaningful access to his discovery and hinders his ability to assist in his defense. This is especially the case because Mr. Hall resides in North Carolina. Accordingly, travel to my office for purposes of discovery-review is burdensome. Even in pre-COVID times, travel is difficult for an indigent defendant. Today, in the midst of a global pandemic, that travel is especially onerous. Indeed, between changing rules regarding travel and evolving health concerns, it is almost impossible to coordinate travel with the degree of frequency and consistency required to effectively review discovery. What is more, under the government's proposal, not only would Mr. Hall be prohibited from reviewing the discovery anywhere other than my office in downtown Manhattan, he also would be prohibited from taking or possessing notes he might jot down while reviewing the materials. Although the government suggests that the selection of Sensitive Disclosure Materials is "small," it concedes that it includes "a hundred tolls with law enforcement officers," suggesting that note-taking and note-reviewing will be needed. *Id.*

      In the spirit of compromise and to balance the government's interest against Mr. Hall's, I ask that the government produce two copies of the

---

[1] The government's "cause" is insufficient to meet its burden. Good cause justifying a protective order exists only "when a party shows that disclosure will result in a clearly defined, specific, and serious injury." *In re Terrorist Attacks on September 11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006). A finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *United States v. Gangi,* No. 97-CR-1215, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998). Mr. Hall has been released on bail after a finding by Judge Lehrburger that, subject to conditions, he does not pose a danger to the public. He has been fully compliant with those conditions. Nor can the government point to any specific facts supporting its argument that Individual-1 and Individual-1's family are in danger if Mr. Hall has more unfettered access to his discovery. Nevertheless, even if the Court accepts the government's justification as "good cause," the Court still must balance any potential harm against the prejudice to the defendant when deciding whether to issue a protective order. *See Smith,* 985 F. Supp.2d at 523 ("Applying this standard requires courts to balance several interests, including whether the imposition of the protective order would prejudice the defendant.") (citations and quotations omitted). Based on that balancing, the Court must deny entering the protective order proposed by the government.

The Honorable Alison Nathan					December 9, 2021
Page 3 of 4

      Re:    *United States v. Hall,* 21 CR 643 (JSR)

materials at issue—(1) an unredacted copy that will be covered by the government's proposed Sensitive Disclosure restrictions, and (2) a redacted copy from which Individual-1's personal identifying information is removed. Under Mr. Hall's proposal, the redacted material will be subject to the Protective Order, but pursuant to the restrictions proposed for "Disclosure Material." Those restrictions permit Mr. Hall to maintain copies of the materials and review them outside of the presence of counsel, but prohibit him from disclosing the materials to third-parties or using them for any purpose other defending the action. *Id.,* Exhibit A, ¶¶ 6, 7.

      The government's response to Mr. Hall's proposal as it relates to certain categories of Sensitive Disclosure Material strains logic. First, it argues that redacting Individual-1's personal identifying information will not address its concerns because Mr. Hall still will be able to figure out Individual-1's identity based on "the timing of the text messages vis-à-vis other events in the case or Individual-1's word choices." *Id.,* 3. As an initial matter, Mr. Hall will review these materials in their entirety whether on his own or at my office, and accordingly, he may be able to discern the individual's identity with or without the government's proposed protective order. As I understand it, the government's proposed protective order is addressing a different concern—the government appears to be concerned that, if Mr. Hall maintains possession of the materials, the materials may get into the hands of *others. See id.,* 3 (the defendant's possession of the materials "increases the risk that the materials could inadvertently be misplaced and that the materials could be intentionally circulated to others."). In this respect, Mr. Hall's proposal regarding redactions squarely addresses the government's concern. By redacting the individual's personal identifying information from materials Mr. Hall is permitted to maintain, the Court has protected the individual's identity even if others happen upon it. Furthermore, Mr. Hall still will be prohibiting from sharing any of his discovery with third parties or for purposes other than defending the case. To the extent the government is arguing that someone other than Mr. Hall will be able to discern Individual-1's identity based on "timing" and "word choice" seems plainly ridiculous.

      In connection with subpoena returns on Individual-1's two phones, the government asserts that "one of the phone numbers was also used by a third party associated with the defendant." *Id.,* 3. The government then suggests that releasing the third-party's number places the third-party in "harm's way."

The Honorable Alison Nathan  December 9, 2021
Page 4 of 4

Re:  *United States v. Hall,* 21 CR 643 (JSR)

*Id*. While the government's concern for its cooperating witness's safety is self-evident, it wholly fails to articulate why a third party would be at risk. If the government can articulate a basis for its concern, Mr. Hall has no objection to the redaction of this number also from the materials he is permitted to possess.

Finally, the government argues that it is impossible to redact Individual-1's voice or image from recordings. While I have worked on cases before where the government has done just that, if the Court finds that the government has met its burden regarding "cause," Mr. Hall will agree that the recordings and videos be maintained solely by defense counsel. However, we ask that the Court include in the protective order a provision that permits Mr. Hall to take and maintain notes regarding the materials.

## Conclusion

For these reasons, we object to the government's proposed protective order and ask that the Court issue a protective order with the provisions proposed by Mr. Hall herein.

Respectfully submitted,

/s/ Julia Gatto
Julia L. Gatto, Esq.
Assistant Federal Defender
212.417.8750

cc:  A.U.S.A. Kaylan Lasky (via ECF)

In general, the Court agrees with Defendant.  That is, although there is good cause for entry of a protective order, there is a lack of fit between the cause and the Government's proposed order insofar as Defendant will review the materials in their entirety with or without a protective order and may be able to discern the identity of Individual-1.  Defendant's proposal regarding redactions squarely addresses the Government's concern: that materials identifying Invididual-1 could fall into the hands of third parties.  The parties should promptly confer and, no later than **December 17, 2021**, submit a revised proposed protective order consistent with the foregoing.  The order should provide that the Government can redact any sensitive information (including, if appropriate, law enforcement phone numbers) and that the recordings and videos will be maintained solely by defense counsel; Defendant may take and maintain notes regarding these materials so long as they do not include Individual-1's name or other identifying characteristics (in which case they must be maintained by defense counsel).  The Clerk of Court is directed to terminate ECF Nos. 16 and 18.  SO ORDERED.

Jesse M. Furman, U.S.D.J., Part One
December 14, 2021