```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
 UNITED STATES OF AMERICA          :    [Proposed] PROTECTIVE ORDER
                                   :
           - v. -                  :    21 Cr. 643 (AJN)
                                   :
 RICHARD HALL,                     :
      a/k/a "Richard Banko,"       :
                                   :
           Defendant.              :
                                   x
- - - - - - - - - - - - - - - - -
```

Hon. Alison J. Nathan, District Judge:

On the motion of the United States of America, by Damian Williams, United States Attorney for the Southern District of New York, through counsel, Kaylan E. Lasky, Assistant United States Attorney ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically-stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include

material that (1) affects the privacy and confidentiality of individuals; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material**. Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that (i) identifies, or could lead to the identification of, witnesses, who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, could be subject to risk of harm absent the protective considerations set forth herein; (ii) could affect the privacy and confidentiality of witnesses, as well as that of witnesses' loved ones, who may be subject to risk of harm absent the protective considerations set forth herein; or (iii) could impede active law enforcement investigations. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" or "Sensitive" by the Government and conspicuously marked as such, either by marking the materials

2

themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material" or "Sensitive." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

   3.   **Previously Produced Material.** The materials produced by the Government to the defendant on November 4, 2021, are governed by this Order and constitute disclosure material. The materials designated with Bates numbers USAO_000221 through USAO_000225, USAO_000248, USAO_000254 through USAO_000257, and USAO_000278 also constitute Sensitive Disclosure Material.

   4.   **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for substantial redaction. It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

   5.   **Good Cause.** There is good cause for entry of the protective order set forth herein.

   Accordingly it is hereby Ordered:

6. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material or Sensitive Disclosure Material to the media or any third party except as set forth below.

7. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendant for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

8. Sensitive Disclosure Material may be disclosed by counsel to the defendant and to personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole

possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when a defendant is reviewing Sensitive Disclosure Material at counsel's office); and shall not be copied or otherwise recorded by the defendant. With the exception of audio and video recordings, the Government will also produce a redacted copy of any Sensitive Disclosure Material, which shall constitute disclosure material. The defendant may take and maintain notes regarding Sensitive Disclosure Material so long as the notes do not include the name or other identifying characteristics of Individual-1 as defined in the Complaint (in which case such notes must be maintained by defense counsel).

9. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any

motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to that defendant.

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom

the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated:   New York, New York
         December 20, 2021

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

7